IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARSDEN VOLTAIRE ELIAS, )
)
        Plaintiff, )
)
v. ) Case No. 17-CV-220-GKF-MJX
)
CURTIS L. DeLAPP, )
)
        Defendant. )

# OPINION AND ORDER

On April 24, 2017, Plaintiff Marsden Voltaire Elias, a pro se prisoner incarcerated at Jess Dunn Correctional Center, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), a motion to proceed *in forma pauperis* (Dkt. 2), and a request for issuance of summons (Dkt. 3). The Court granted the *in forma pauperis* motion on May 19, 2017 (Dkt. 4), and Plaintiff paid the initial partial filing fee on June 2, 2017 (Dkt. 6).

**I.    Plaintiff's Allegations**

Plaintiff alleges he was not fully advised of the consequences of his plea, and he is factually innocent (Dkt. 1 at 4).[1] He claims that Defendant Washington County District Judge Curtis L. DeLapp "has maliciously halted or stalled [Plaintiff's] attempts at redress or appeal/certiorari." *Id.* at 1. Plaintiff further asserts his conviction is "bogus," and the state district court "is not complying with court rules, nor [sic] owning its numerous mistakes." *Id.* at 2. He requests the following relief: "My conviction should be vacated and I should be exonerated. Steps should be made to atone for my numerous losses and suffering." *Id.* at 3.

---

[1] According to the Oklahoma Department of Corrections website at https://okoffender.doc.ok.gov, Plaintiff was convicted of Child Abuse in Washington County District Court Case No. 2002-497.

## II. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555. Nonetheless, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). The court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various

mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### III. Complaint Fails to State a Claim Upon Which Relief May be Granted

#### A. Judicial Immunity

Defendant Washington County District Court Judge Curtis L. DeLapp is entitled to absolute judicial immunity for his actions regarding Plaintiff's criminal prosecution. It is well established that "[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion." *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (quoting *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006)). The Court finds Judge DeLapp was "performing judicial acts and [was] therefore clothed with absolute judicial immunity." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994), *cert. denied*, 513 U.S. 832 (1994). Therefore, Plaintiff's claims for money damages against Judge DeLapp are **dismissed with prejudice** pursuant to 28 U.S.C. § 1915A(b).

### B. Relief from Conviction

Plaintiff alleges he was misinformed about whether his sentence fell under the 85% Rule of Okla. Stat. tit. 21, §§ 12.1, 13.1. To the extent Plaintiff requests equitable relief in the form of vacation of his conviction and exoneration, a § 1983 cause of action is not the appropriate means for seeking such relief. Rather, habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement when the relief sought includes immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). *See also Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Thus, any such claim brought as part of a § 1983 complaint is subject to being dismissed without prejudice to refiling in a separate habeas action, if appropriate. *See Preiser*, 411 U.S. 475 at 500. *See also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." (internal quotation marks and citation omitted)). Plaintiff's request for relief from his conviction is **dismissed without prejudice** pursuant to 28 U.S.C. § 1915A(b).

## IV. "Prior Occasion" under 28 U.S.C. § 1915(g)

As noted above, Plaintiff was granted leave to proceed *in forma pauperis*. Because Plaintiff has failed to state a claim upon which relief may be granted, the dismissal of the complaint shall count as a "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's claims against Defendant Judge Curtis DeLapp are **dismissed with prejudice** pursuant to 28 U.S.C. § 1915A(b).

2. Plaintiff's request for relief from his conviction is **dismissed without prejudice** pursuant to 28 U.S.C. § 1915A(b).

3. Plaintiff's request for issuance of summons (Dkt. 3) is **denied** as moot.

4. Plaintiff remains obligated to pay in monthly installments the balance of the **$350** filing fee for this case.

5. The Clerk is directed to **flag** this dismissal as a "prior occasion" pursuant to 28 U.S.C. § 1915(g).

6. This is a final Order terminating this action.

**DATED** this 6th day of June 2017.

GREGORY K. FRIZZELL, **CHIEF** JUDGE
UNITED STATES DISTRICT COURT