# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARSDEN VOLTAIRE ELIAS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-220-GKF-MJX |
| | ) | |
| CURTIS L. DeLAPP, | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

On April 24, 2017, Plaintiff Marsden Voltaire Elias, a pro se state prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging Defendant Washington County District Judge Curtis L. DeLapp maliciously prevented Plaintiff's attempts to gain relief from his "bogus" conviction (Dkt. 1 at 1-2). Plaintiff further alleged in his complaint that he was not fully advised of the consequences of his plea and that he is factually innocent of the crime of Child Abuse (Dkt. 1 at 4).[1] In addition, Plaintiff asserted Judge DeLapp maliciously prevented his attempts to appeal the conviction (Dkt. 1 at 1). Plaintiff requested that his conviction be vacated and that he be exonerated (Dkt. 1 at 3).

On June 6, 2017, the Court dismissed the complaint for failure to state a claim upon which relief may be granted, finding that Defendant Judge DeLapp was entitled to absolute judicial immunity for his actions concerning Plaintiff's criminal prosecution (Dkt. 7 at 3). The Court further found that Plaintiff's request for relief from his conviction must be presented in a petition for a writ of habeas corpus. *Id.* at 4.

---

[1] Plaintiff was convicted in Washington County District Court Case No. 2002-497, according to the Oklahoma Department of Corrections website at https://okoffender.doc.ok.gov.

On June 12, 2017, Plaintiff filed a motion to reconsider the Court's decision, complaining that the Opinion and Order did not mention 28 U.S.C. § 1343(a)(3), which was invoked in the preprinted complaint form (Dkt. 9 at 1; Dkt. 1 at 2). He also complains that the Court did not specifically address the separate claims in the complaint and did not contact Mark Kane, an attorney in Bartlesville, Oklahoma, for information supporting Petitioner's allegations (Dkt. 9 at 1; Dkt. 1 at 4).

Construing Plaintiff's motion to reconsider liberally, *see Haines v. Kerner*, 404 U.S. 519 (1972), the Court considers the motion as arising under Fed. R. Civ. P. 60(b), which allows relief from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances.'" *Zurich North America v. Matrix Service, Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)). "[I]n a Rule 60(b) proceeding the motion is addressed to the sound discretion of the [district] court." *Caribou Four Corners v.*

*Truck Ins. Exchange*, 443 F.2d 796, 799 (10th Cir. 1971) (citations omitted). Furthermore, "[a]

motion for relief under Rule 60(b)(1) is not a substitute for the ordinary method of redressing judicial

error--appeal." *Id.* (internal quotation omitted).

Plaintiff's complaint raised three claims: (1) factual innocence, (2) the state court's alleged

failure to fully advise of the consequences of Plaintiff's plea, and (3) exhaustion of administrative

remedies in the Oklahoma Department of Corrections (Dkt. 1 at 4-5). As discussed in the Court's

previous Opinion and Order, these issues are not proper for a civil rights complaint. Instead,

Plaintiff must present such claims concerning his conviction and sentence in a petition for a writ of

habeas corpus. More important, the sole defendant, Judge DeLapp, is entitled to absolute judicial

immunity in defending against a § 1983 action. *See Supreme Court of Virginia v. Consumers Union*,

446 U.S. 719, 734-35 (1980) (citations omitted); *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

As for Plaintiff's argument concerning 28 U.S.C. § 1343(a)(3), that statute reads as follows:

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . .

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States . . . .

*Id.* Here, the Court finds this jurisdictional statute confirms that the Court had authority to hear this

case. It does not mean that Plaintiff is entitled to relief on his claims.

After careful review, the Court further finds Plaintiff is not entitled to relief under Rule 60(b)

under these circumstances. Therefore, the motion to reconsider is **denied**.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.      Plaintiff's motion to reconsider (Dkt. 9) is **denied**.

2.     Plaintiff remains obligated to pay in monthly installments the balance of the **$350**

filing fee for this case.

**DATED** this 22nd day of December 2017.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT